IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CADENCE COLLINS, individually and as Next Friend of her minor child K.H, <br><br> Plaintiff, <br><br> vs. <br><br> Mead Johnson & Company, LLC; Mead Johnson Nutrition Company; and Jessica Mackey <br><br> Defendants. | CASE NO. 1:24-CV-7140 |

**OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO EXPEDITE THE BRIEFING SCHEDULE ON PLAINTIFF'S MOTION TO REMAND**

Local Rule 77.2(3) provides:

> "Emergency matter" means a matter of such a nature that the delay in hearing it that would result from its being treated as any other matter would cause serious and irreparable harm to one or more of the parties to the proceeding.

Plaintiff's emergency motion presents no emergency or exigent circumstance, only impatience to litigate her claim in state court. Her motion should be denied. *See, e.g., Eberhardt v. Vill. of Tinley Park*, 2021 WL 4340527, at *1 (N.D. Ill. Feb. 2, 2021). ("But the motion makes no effort to explain why the prospect of such harm constitutes an emergency that cannot wait.")

Plaintiff Cadence Collins filed her suit against Defendants Mead Johnson & Company, LLC; Mead Johnson Nutrition Company; and Mead Johnson employee Jessica Mackey on June 14, 2024 in Missouri state court, alleging that Mead Johnson's premature infant nutrition products caused her child, K.H., to develop Necrotizing Enterocolitis. As this Court knows, numerous plaintiffs have travelled from across the United States to file actions against Mead Johnson and Abbott Laboratories in Madison and St. Clair Counties. The Keller Postman firm, alone, has filed

many hundreds of lawsuits in Southern Illinois, as well as several cases in St. Louis city court. Over the last three years, Mead Johnson has removed approximately 30 cases from state courts in Southern Illinois and Eastern Missouri. To date, only a single case of these has been remanded, and that case was subsequently voluntarily dismissed.

The removal filed by Mead Johnson here is not controversial. As set forth in Mead Johnson's notice of removal, the plaintiff in this case has "no reasonable basis in fact and law" for claims against Ms. Mackey. *Halsey v. Townsend Corp. of Indiana*, 20 F.4th 1222, 1226 (8th Cir. 2021). Plaintiff has failed to plead any reasonable basis for her claims against Ms. Mackey because Ms. Mackey cannot be held liable for the allegedly tortious conduct of her employer. Other courts in Missouri have denied remand where a plaintiff fraudulently joined a sales representative. *See e.g., Owens v. Boston Sci. Corp.*, 642 F. Supp. 3d 907, 909 (E.D. Mo. 2022); *Ridings v. Maurice*, 2015 WL 1474080, at *1 (W.D. Mo. Mar. 31, 2015). Moreover, Plaintiff's counsel has had the benefit pre-suit of deposition and trial testimony from Ms. Mackey, such that Plaintiff knows her claim against Ms. Mackey has no factual basis. Accordingly, Ms. Mackey has been fraudulently joined and the suit is removable. *Id.* Mead Johnson therefore removed this action from the Circuit Court of the City of St. Louis to the Eastern District of Missouri on July 22, 2024.

Plaintiff initially filed a purported "emergency" motion to remand on July 24, 2024. *See* dkt. 13. Mead Johnson opposed Plaintiff's request for emergency consideration because she did not allege any exigent circumstance, dkt. 16, and Judge Pitlyk never ordered expedited briefing. Mead Johnson timely opposed Plaintiff's motion to remand on August 7, 2024. Dkt. 19. The transferor district court opted not to address the remand motion prior to the transfer to this MDL.

Plaintiff has now filed a second motion to remand and once again insists that this new motion is an emergency demanding that Mead Johnson respond in 48 hours. She once again

provides no basis for that request other than her purported desire to avoid delay, nor has she followed this Court's required procedure for setting a briefing schedule for a contested motion. Importantly, Plaintiff did not simply refile her previously written motion, ask the Court to reopen that motion, or in any way seek to use the existing fully briefed motion—to which Mead Johnson would have consented if asked and which would have been the fastest way of presenting the dispute to this Court. Instead, she filed a second motion to remand with new arguments and new language, representing nothing more than Plaintiff's apparent desire to re-write her motions papers. And as a factual matter there is no emergency. Mead Johnson suggests that the Court simply reopen the previous motion to remand in order to satisfy Plaintiff's request for immediate relief. In the alternative, if the Court would prefer that the second motion be briefed, Mead Johnson is willing to file its response in two weeks from Plaintiff's motion.

Mead Johnson respectfully requests that the Court accordingly deny Plaintiff's emergency motion to expedite the briefing schedule on the motion to remand and either reopen Plaintiff's fully briefed, pending motion to remand (dkts. 13 and 16) or, in the alternative, set the deadline for Mead Johnson's response to Plaintiff's second motion to remand on **August 28, 2024**.

Dated: August 15, 2024

*/s/ Anthony J. Anscombe*
Anthony J. Anscombe
Rachel M. Cannon
STEPTOE & JOHNSON LLP
227 West Monroe Ave., Suite 4700
Chicago, IL 60606
(312) 577-1300
aanscombe@steptoe.com
rcannon@steptoe.com

*Attorneys for Defendants Mead Johnson Nutrition Company, Mead Johnson & Company, LLC, and Jessica Mackey*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 15th day of August, 2024, a true and correct copy of the foregoing Motion to Dismiss was served on all counsel of record via e-mail.

/s/ *Anthony J. Anscombe*
Anthony J. Anscombe