**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CADENCE COLLINS, individually and as Next Friend of her minor child K.H., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-7140 |
| vs. | ) ) | |
| MEAD JOHNSON & COMPANY LLC, MEAD JOHNSON NUTRITION COMPANY, and JESSICA MACKEY, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF CADENCE COLLINS'S REPLY IN SUPPORT OF EMERGENCY MOTION TO EXPEDITE THE BRIEFING SCHEDULE ON PLAINTIFF'S MOTION TO REMAND**

Mead Johnson and Ms. Collins both agree that she is ready and willing to litigate her claim in state court—where this case was properly filed. Mead Johnson's baseless removal serves no purpose but to delay Ms. Collins's pursuit of justice. The Court should therefore grant Ms. Collins's motion to expedite the briefing on her remand motion. Dkt. 25.

Mead Johnson's opposition (Dkt. 29) provides no basis to delay the briefing on Ms. Collins's remand motion. Nor does Mead Johnson provide any basis for it to require two weeks to respond, *id.* at 3, particularly given that Mead Johnson has *already filed* an opposition, Dkt. 19.

Instead, Mead Johnson criticizes Ms. Collins for "fil[ing] a second motion to remand with new arguments and new language" and not obtaining Mead Johnson's "consent[]" to somehow obtaining a quicker resolution of her remand motion. Mead Johnson ignores that Ms. Collins's renewed remand motion (Dkt. 25) updates the original motion to replace the Eighth Circuit and Eastern District of Missouri caselaw with now-applicable Seventh Circuit law, as well as this

Court's prior decisions. *Compare, e.g.*, Dkt. 13 at 3–4 (discussing Eighth Circuit law), *with* Dkt. 25 at 3–4 (discussing Seventh Circuit law). This update was done to facilitate the Court's resolution of the motion, because the Court "applies the law of its own circuit" to resolving the remand motion, not the law of the transferor court. *In re Abbott Labs. Preterm Infant Nutrition Prods. Liab. Litig.*, 2022 WL 3586150, at *4 (N.D. Ill. Aug. 22, 2022) (Pallmeyer, J.) (footnote omitted).

Indeed, this exact practice (refiling a remand motion originally filed in the transferor court) is what has been done before when cases have been transferred to this MDL with an already-filed remand motion that relied on law from other courts and circuits—as Mead Johnson is aware. For instance, in *Abdullah v. Mead Johnson*, the plaintiff filed the remand motion initially in the Eastern District of Pennsylvania but refiled the remand motion (with updated caselaw) after it was transferred to this Court. *Compare* Dkt. 7 (original remand motion), *Abdullah v. Mead Johnson*, No. 22-cv-2511 (N.D. Ill. May 5, 2022), *with* Dkt. 22 (refiled remand motion), *Abdullah v. Mead Johnson*, No. 22-cv-2511 (N.D. Ill May 17, 2022). Of course, if Mead Johnson is suggesting that the parties stand on the remand briefs already filed in these matters, Plaintiff does not object.

Ms. Collins's counsel did not approach Mead Johnson's counsel to see if Mead Johnson would consent to an expedited resolution of the remand motion because it is clear from Mead Johnson's past opposition to precisely the same motion that Mead Johnson will not consent to it here. Dkt. 16. Nor did Mead Johnson consent to this motion once filed. Instead, despite having already filed an opposition to the remand motion, Mead Johnson still claims without basis that it needs an additional two weeks when all that needs to be done is updating the caselaw in the original opposition to law from the Seventh Circuit and this Court and addressing that same new caselaw cited in Ms. Collins's updated motion.

**CONCLUSION**

For the foregoing reasons, Ms. Collins respectfully requests that the Court enter an expedited briefing schedule that provides Mead Johnson two days from entry of the Court's order on this motion to respond to Ms. Collin's remand motion and provides one day from the filing of Mead Johnson's opposition for Ms. Collins to file a reply (if any).


Dated:  August 22, 2024                                Respectfully submitted,

                                                       */s/ Benjamin J. Whiting*
                                                       Ashley Keller
                                                       Benjamin J. Whiting
                                                       **KELLER POSTMAN, LLC**
                                                       150 N. Riverside Plaza, Ste. 4100
                                                       Chicago, IL 60606
                                                       ack@kellerpostman.com
                                                       ben.whiting@kellerpostman.com

                                                       Amelia Frenkel (*PHV forthcoming*)
                                                       **KELLER POSTMAN, LLC**
                                                       1101 Connecticut Ave., NW, Ste. 1100
                                                       Washington, DC 20036
                                                       amelia.frenkel@kellerpostman.com

                                                       John F. Garvey
                                                       Colleen Garvey
                                                       Ellen A. Thomas
                                                       **STRANCH, JENNINGS & GARVEY, PLLC**
                                                       701 Market Street, Ste. 1510
                                                       Saint Louis, MO 63101
                                                       Tel: (314) 390-6750
                                                       Fax: (615) 255-5419
                                                       jgarvey@stranchlaw.com
                                                       cgarvey@stranchlaw.com
                                                       ethomas@stranchlaw.com

                                                       *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted,

*/s/ Benjamin J. Whiting*
Benjamin J. Whiting